United States District Court
Southern District of Texas
**ENTERED**
February 10, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY LEE THOMAS, | § | |
| (Inmate # 146893), | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-25-5816 |
| | § | |
| HOPE THOMAS, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Jerry Lee Thomas (Inmate # 146893), is a pretrial detainee in custody at the Brazos County Detention Center. Proceeding *pro se* and *in forma pauperis*, he filed a civil-rights complaint under 42 U.S.C. § 1983 alleging that Brazos County District Attorney Caleb Beacham, court-appointed counsel Stephen Gustitis, Thomas's child's mother Hope Thomas, City of Bryan Police Detective C. McConnell, and City of Bryan Police Officer Whitehead violated his civil rights in connection with his arrest and ongoing state-court criminal proceedings. (Dkt. 1). Thomas's action is governed by the Prison Litigation Reform Act (PLRA), which requires the Court to screen complaints filed by prisoners seeking relief from the government as soon as feasible after docketing and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or

that seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e) (providing for the screening of suits filed by persons proceeding *in forma pauperis*). Having conducted the required screening of Thomas's complaint, the Court dismisses this action for the reasons explained below.

## I.    **BACKGROUND**

Publicly available records show that Thomas is currently in jail awaiting trial on a charge of assault on a pregnant person. *See* Jail Records Search, https://portal-txbrazos.tylertech.cloud/ (last visited Jan. 6, 2026). On December 1, 2025, he filed a civil-rights complaint, naming as defendants District Attorney Beacham, Attorney Gustitis, Hope Thomas, Detective McConnell, and Officer Whitehead and alleging various violations of his civil rights. (Dkt. 1, p. 3).

Specifically, Thomas alleges that on November 16, 2024, Hope Thomas started an argument with him while they were at home with their children. (*Id.* at 4). The argument escalated, and Hope Thomas scratched Thomas's face. (*Id.*). Thomas put his arms up to block her from scratching him and pushed her into a wall. (*Id.*). When she continued to try to scratch him, Thomas hit Hope Thomas in the face with his hand, and both of them fell to the ground. (*Id.*). Thomas then left the house to try to de-escalate the situation. (*Id.*). After he left, Hope Thomas called the police. (*Id.*).

2/12

When the police arrived, Hope Thomas apparently told them that Thomas had started the fight. (*Id.*). Thomas alleges that she fabricated this story, which the police believed, to get him arrested. (*Id.* at 3). He alleges that Officer Whitehead and Detective McConnell acted with reckless disregard for the truth by believing Hope Thomas's story and arresting him. (*Id.*).

Thomas alleges that District Attorney Beacham has engaged in prosecutorial misconduct by selectively prosecuting Thomas, by denying him bond on three separate occasions, and by offering him only prison time to resolve the charge. (*Id.*). Thomas alleges that court-appointed counsel Gustitis has provided ineffective assistance by tampering with his phone, which had evidence that he was not the aggressor, and by telling the court that he did not need a bond reduction. (*Id.*).

As relief for these alleged violations, Thomas seeks to "get my truth out" because he is in jail on "false probable cause." (*Id.* at 4).

## II.   **LEGAL STANDARDS**

### A.   **Actions Under 42 U.S.C. § 1983**

Thomas brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must

(1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman,* 18 F.4th 769, 775 (5th Cir. 2021) (per curiam).  The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam).  The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.,* 765 F.2d 1278, 1283 (5th Cir. 1985).

## B.   The Prison Litigation Reform Act

The PLRA, which governs Thomas's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992)).  "A complaint lacks an arguable basis in

4/12

law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In conducting its screening review, the Court must construe all allegations "liberally in favor of the plaintiff" and consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But if the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.    *Pro Se* Pleadings

Thomas is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*,

404 U.S. 519, 520 (1972) (per curiam).  Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts."  *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014).  They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal."  *Id.* (cleaned up). They must also still allege sufficient facts to state a plausible claim.  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam) (a self-represented litigant "still must argue something that is susceptible to liberal construction").

## III.    DISCUSSION

### A.    Claims Against District Attorney Beacham

Thomas identifies Beacham as the District Attorney for Brazos County, and he alleges that Beacham has engaged in prosecutorial misconduct by selectively prosecuting him, by denying him bond three times, and by offering him only prison time to resolve his charges.

But district attorneys, who prosecute cases on behalf of the State, are entitled to absolute immunity for actions they take to prosecute a defendant in a criminal

6/12

case.  *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976).  This includes immunity "for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1981)).

Thomas's allegations concern Beacham's alleged actions in bringing and pursuing the currently pending criminal charges against Thomas.  Because the actions Thomas challenges are part of the judicial phase of the criminal proceedings against him, Beacham is immune from the relief Thomas is seeking.  Thomas's claims against District Attorney Beacham are dismissed under § 1915(e)(2)(B)(iii) as seeking relief against a defendant who is immune.

### B.    Claims Against Attorney Gustitis

Thomas alleges that Attorney Gustitis has been court-appointed to represent him in the state-court criminal proceedings, and he contends that Gustitis is providing ineffective assistance of counsel in several respects.  But court-appointed defense counsel may not be sued under § 1983 for actions taken in defending an individual charged with criminal acts.

To be liable under § 1983, the defendant must be acting under color of state

law in taking the challenged actions.[1]  Neither public defenders nor appointed or

retained private defense attorneys act under color of state law when performing a

lawyer's traditional functions in representing a criminal defendant because, in that

capacity, he or she is acting on behalf of the defendant rather than on behalf of the

State. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324–25 (1981); *Mills

v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private

attorneys, even court-appointed attorneys, are not official state actors, and generally

are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Public

Defender's Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing

claims against a county's public defenders "because they are not state actors for

§ 1983 purposes").

In his capacity as court-appointed defense counsel for Thomas, Gustitis is not

acting "under color of state law" while taking actions to represent him.  Thomas's

disagreements with Gustitis's trial strategy may give rise to a malpractice action,

but they do not support a claim for a violation of constitutional rights under § 1983.

---

[1]Limited exceptions to this general rule exist when the plaintiff can show that the
private actor was implementing an official government policy or when the private actor's
actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634
F.3d 309, 312 (5th Cir. 2011).  A private party who conspires with state actors to deprive
another of his constitutional rights may also be considered a state actor. *See Priester v.
Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004).  Thomas's complaint does not allege
facts showing that any of these exceptions apply to his case.

Thomas's claims against Attorney Gustitis are dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.

### C.   Claims Against Hope Thomas

Thomas alleges that Hope Thomas fabricated a story that Thomas assaulted her to secure Thomas's arrest. But, as explained above, to state an actionable claim under § 1983, the plaintiff must show that the defendant, while acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution, or a federal statute, or both. *See Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). To act "under color of state law," the defendant must be either an officer of the state or "a willful participant in joint action with the State or its agents." *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 319 (5th Cir. 2019) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). A § 1983 action is not merely a federal substitute for a state-law claim.

Thomas does not allege any facts showing that Hope Thomas is a state official, that she was acting under color of state law when she reported the alleged assault, or that she conspired with state actors to deprive him of his rights under federal law. Thomas therefore does not state a cause of action under § 1983 against Hope Thomas. His claims against Hope Thomas are dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.

**D.    Claims Against Detective McConnell and Officer Whitehead**

Thomas alleges that Detective McConnell and Officer Whitehead showed a reckless disregard for the truth by arresting him, knowing that there was no probable cause under the true facts. The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), prohibits Thomas from proceeding with these claims at this time.

*Heck* bars any cause of action under § 1983, regardless of the type of relief sought, that would necessarily imply that a conviction or sentence is invalid unless the conviction has already been invalidated through proper channels. *Id.* at 487–88. *Heck* also applies to pending charges when the allegations would, if true, necessarily imply that those charges or potential convictions are invalid. *See, e.g.*, *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam) ("[I]f he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*."); *Agbonifo v. Boyden*, No. H-17-1872, 2017 WL 3267790, at *2 (S.D. Tex. July 27, 2017).

Thomas's claims of false arrest and malicious prosecution would, if true, necessarily implicate the validity of the pending criminal charge and any potential conviction. Because of this, his civil-rights claims against Detective McConnell

10/12

and Officer Whitehead are premature.  Thomas may raise his claims in the pending state-court proceedings.   But until he receives a ruling that satisfies *Heck*'s favorable-termination requirement, no federal action has yet accrued under § 1983. *See Heck*, 512 U.S. at 488–89.  And because no cause of action has yet accrued, his claims against McConnell and Whitehead are frivolous within the meaning of § 1915(e)(2)(B)(i) and § 1915A(b).  *See Hamilton v. Lyons*, 74 F.3d 99, 102–03 (5th Cir 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.").

Thomas's claims against Detective McConnell and Officer Whitehead are therefore dismissed with prejudice to be reasserted when the *Heck* conditions are satisfied.  *See Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam).

IV.   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. Thomas's civil-rights claims against District Attorney Caleb Beacham, Attorney Stephen Gustitis, and Hope Thomas, (Dkt. 1), are **DISMISSED with prejudice**.

2. Thomas's civil-rights claims against Bryan Police Detective C. McConnell and Officer Whitehead, (Dkt. 1), are **DISMISSED with prejudice** to be

11/12

reasserted when and if the *Heck* favorable-termination condition is satisfied.

3. Any pending motions are **DENIED** as moot.

4. Final judgment will be separately entered.

5. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____*Feb. 10*_____, 2026.


_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE